# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Craig Latwain Chestnut, ) | Case No. 9:21-cv-3875-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Kirstin Sutton, *Trident Nurse*, Christine Oh, ) | |
| *CEO of Trident Medical Center*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 16) recommending that Plaintiff's amended complaint be dismissed without issuance and without service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses the amended complaint.

## I.   Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In his amended complaint, Plaintiff alleges that Defendant Kirstin Sutton, a nurse at Trident Medical Center, failed to provide him with adequate medical care for his serious illness or injury and that she made a racially discriminatory comment on September 22, 2021. Plaintiff asserts that his Eighth Amendment (failure to provide medical treatment) and Fourteenth Amendment (discrimination) rights were violated. Plaintiff sued both Sutton and Christine Oh, the CEO of Trident Medical Center. Plaintiff claims he suffered from emotional distress because of the alleged incident. (Dkt. No. 12 at 4-6).

On November 29, 2021, Plaintiff filed his original complaint. (Dkt. No. 1).

On December 21, 2021, a proper form order was issued to Plaintiff. (Dkt. No. 7).

On January 24, 2022, Plaintiff filed his amended complaint. (Dkt. No. 12)

On February 3, 2022, the Magistrate Judge issued an R&R recommending that the amended complaint be dismissed. (Dkt. No. 16).

On February 23, 2022, the Court received notice of change of address for Plaintiff. (Dkt. No. 18). Two days later, on February 25, 2022 a new copy of the R&R was mailed to Plaintiff. (Dkt. No. 19).

To date, Plaintiff has not filed objections to the R&R.

## II.     Legal Standards

### a.  Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b.  Pro Se Pleading Standard

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

### c. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### III.  Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's amended complaint should be dismissed. As detailed in the R&R, the Magistrate Judge correctly determined that (1) Plaintiff had not alleged any facts from which to infer that Sutton or Oh were state actors under § 1983, (Dkt. No. 16 at 3-4); (2) that, even liberally reading the amended complaint, Plaintiff had failed to allege any plausible claim against either Sutton or Oh, (*Id.* at 4) ("[A]lthough Plaintiff asserts that his rights were violated, he provides no facts in support of any alleged violation against Defendant Oh."); and (3) to the extent Plaintiff could show either defendant was a state actor, any claims Plaintiff is attempting to bring for malpractice and/or negligence are not actional under § 1983, (*Id.* at 5). Accordingly, the Magistrate Judge correctly determined that the amended complaint must be dismissed. *See also* (*id.* at 5) (correctly finding that, to the extent Plaintiff alleges any state law claims in his amended complaint, the Court should decline to exercise supplemental jurisdiction over such claims).

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 16) as the order of Court and dismisses the amended complaint. The Clerk is directed to close this action.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 24, 2022
Charleston, South Carolina

-4-